IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BERNARD TALBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:12CV1022 |
| ) | |
| UNITED STATES, DEA, ) | |
| ) | |
| Defendant(s). ) | |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff, a federal prisoner, has submitted document entitled "Petition for Claim of Forfeiture Property by an Interested Person," along with an application to proceed *in forma pauperis*. In his Petition, he states that he is a "Private Person, Activist for Human Rights, from the World Service Authority" who seeks to make a claim for property identified only as "#12-DEA 566437." (Docket Entry 2 at 1.) That property was listed at some time in the Wall Street Journal under Public Notices. Plaintiff states that he is making a claim on the property, but does not further identify the property, state his connection to the property, or explain why he would have any claim to it. He has no prior cases in this Court, but states that he is proceeding under "Federal Rules of Civil Procedure Title 28 Rule G5(a)(1)." (Id.)

This is an apparent reference to Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. If so, Plaintiff's submission does not meet the requirements of that Rule.

Rule G(5)(a)(i) states that a claim asserting an interest in property against which a forfeiture action in rem is being pursued must identify the specific property being claimed, identify the claimant, identify the claimant's interest in the property, be signed under penalty of perjury, and be served on the Government attorney named in the notice that was published or sent to the claimant. Plaintiff here identifies the property using only a DEA item number that was listed in the Wall Street Journal. He does not state what the property involved is. He does identify himself, but does not tell why he has any claim on the property in question. He does sign his submission under penalty of perjury, but has not served the proper Government attorney. Plaintiff acknowledges this and asks that the Clerk of Court serve the attorney. Aside from the fact that it is Plaintiff's, and not the Clerk of Court's, responsibility to serve the pleading under Rule G(5)(a)(i)(D), the Clerk has no way of knowing who the proper attorney for service is for the property that Plaintiff is claiming. That attorney should have been listed in publication of the forfeiture, thereby allowing Plaintiff to identify the attorney. See Admiralty, Maritime Claims, Supp. Rule G(4)(a)(ii)(C). For all of these reasons, Plaintiff's submission is deficient as filed. If he seeks to file under Rule G(5), he should make a filing complying with all of the requirements of that Rule.

Plaintiff may also be attempting to submit a motion for return of property pursuant to Fed. R. Crim. P. 41(g). Such a motion filed after the completion of criminal proceedings is a civil action subject to the fee provisions of 28 U.S.C. § 1915. See United States v. Jones, 215 F.3d 467 (4th Cir. 2000). Venue for such a motion is proper in the district where the seizure occurred. See United States v. Garcia, 65 F.3d 17 (4th Cir. 1995). If it is Plaintiff's intent to file such a motion, he has to make this clear. Also, the Motion is not on the required forms for this Court. This Motion should, therefore, be dismissed without prejudice to Plaintiff submitting his action on the proper forms along with either the $350.00 filing fee or a completed application to proceed *in forma pauperis*. To assist Plaintiff, the Clerk will send Plaintiff the Motion for Return of Property forms, instructions and an application to proceed *in forma pauperis*. If Plaintiff seeks to file some other type of action, he must make this clear and state some legitimate basis for doing so. Regardless he should identify the property involved and explain why he has an ownership interest or similar claim in the property.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Plaintiff Motion for Return of Property forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a proper submission, using any applicable forms, which corrects the defects cited above.

/s/ L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

Date: September 24, 2012